J-S03013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ETHAN B. WADLINGTON, | |
| Appellant | No. 2239 EDA 2017 |

Appeal from the Judgment of Sentence Entered June 13, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):
CP-09-CR-0002568-2016
CP-09-CR-0003050-2016

BEFORE:  BENDER, P.J.E., PANELLA, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BENDER, P.J.E.:                **FILED APRIL 16, 2018**

Appellant, Ethan B. Wadlington, appeals from the judgment of sentence of 4½-10 years' incarceration, with a concurrent term of 10 years' probation, imposed following his guilty plea to possession of drug paraphernalia (Paraphernalia),[1] and multiple counts of possession with intent to deliver (PWID).[2]  Appellant seeks to challenge the discretionary aspects of his sentence.  Additionally, Appellant's counsel, Stuart Wilder, Esq., seeks to withdraw his representation of Appellant pursuant to ***Anders v. California***,

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(32).

[2] 35 P.S. § 780-113(a)(30).

386 U.S. 738 (1967), and ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009). After careful review, we affirm and grant counsel's petition to withdraw.

The facts of the underlying crimes at CP-09-CR-0002568-2016 (case 2568) and CP-09-CR-0003050-2016 (case 3050) are not necessary to the disposition of this appeal. The relevant portions of the procedural history of this case are as follows.

On September 13, 2016, Appellant pled guilty, at both docket numbers, to three counts of PWID, and one count of Paraphernalia. The same day, the trial court sentenced Appellant to an aggregate term of 5-10 years' incarceration and a concurrent term of 10 years' probation. Appellant filed a timely, counseled post-sentence motion seeking reconsideration of his sentence on September 19, 2016. Nevertheless, Appellant subsequently filed a series of *pro se* motions while still represented by his plea counsel. On September 23, 2016, he filed a *pro se* Post Conviction Relief Act[3] ("PCRA") petition. On October 3, 2016, Appellant filed a *pro se* notice of appeal from the September 13, 2016 judgment of sentence. That appeal was docketed at 158 EDA 2017. On December 2, 2016, he filed a *pro se* post-sentence motion.

---

[3] ***See*** 42 Pa.C.S. § 9541 *et seq*.

- 2 -

During this time, the trial court appointed current counsel to represent Appellant.[4] The trial court ultimately denied the counseled, September 19, 2016 post-sentence motion on January 23, 2017. On January 24, 2017, the trial court denied Appellant's PCRA petition for want of jurisdiction. Attorney Wilder then filed a timely notice of appeal on Appellant's behalf from the judgment of sentence, which had become final on January 23, 2017, with the denial of the counseled, post-sentence motion. That appeal was docketed at 659 EDA 2017.

Appellant filed an application to consolidate his appeals at 158 EDA 2017 and 659 EDA 2017 on March 17, 2017. Appellant's Application to Consolidate, 3/17/17, at 2. Therein, in addition to the request for consolidation, Appellant noted that the trial court had failed at sentencing to assess his eligibility for the Recidivism Risk Reduction Incentive ("RRRI") program,[5] and that the Commonwealth consented on that basis to a remand for resentencing*. **Id.**; **see also** Commonwealth's Answer to Appellant's Application to Consolidate, 3/31/17, at 1. On April 5, 2017, this Court issued an order directing the trial court to show cause why the case should not be remanded for resentencing. Following the trial court's response, this

---

[4] This appeared to have been in response to Appellant's dissatisfaction with his plea counsel, as reflected in his numerous *pro se* filings. It also appears that current counsel was appointed to handle Appellant's untimely PCRA petition, but that matter is not the subject of the instant appeal.

[5] **See** 61 Pa.C.S. § 4501 *et seq*.

Court vacated Appellant's sentence and remanded for resentencing. **See** Order, 4/21/17, at 1.

The trial court resentenced Appellant at a hearing held on June 13, 2017, to a term of 4½-10 years' incarceration at case 2568, and to a concurrent term of 10 years' probation at case 3050. Appellant did not file a post-sentence motion. However, on July 7, 2017, Appellant filed a timely, consolidated notice of appeal from his new sentence. Appellant filed a Pa.R.A.P. 1925(c)(4) statement on the same day, indicating counsel's intent to file an **Anders** brief. The trial court issued its Rule 1925(a) opinion on August 10, 2017. In counsel's **Anders** brief, he lists the following questions for our review:

> A. Should Appellant's counsel be permitted to withdraw his appearance because the appeal is wholly frivolous?
>
> B. Was [Appellant]'s sentence unreasonably harsh?

**Anders** Brief at 3.

As noted, Attorney Wilder has filed with this Court a petition to withdraw and an **Anders** brief, asserting that the sentencing issue Appellant seeks to raise is frivolous. **Id.** at 11-12. Counsel also acknowledges that he has found no other issues that may be raised on appeal. **See** Counsel's Application to Withdraw at 2.

> This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. **Commonwealth v. Goodwin**, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).

Prior to withdrawing as counsel on a direct appeal under **Anders**, counsel must file a brief that meets the requirements established by our Supreme Court in **Santiago**. The brief must:

(1) provide a summary of the procedural history and facts, with citations to the record;

(2) refer to anything in the record that counsel believes arguably supports the appeal;

(3) set forth counsel's conclusion that the appeal is frivolous; and

(4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361. Counsel also must provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Commonwealth v. Nischan**, 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, 594 Pa. 704, 936 A.2d 40 (2007).

**Commonwealth v. Orellana**, 86 A.3d 877, 879-80 (Pa. Super. 2014).

After determining that counsel has satisfied these technical requirements of **Anders** and **Santiago**, this Court must then "conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." **Commonwealth v. Flowers**, 113 A.3d 1246, 1250 (Pa. Super. 2015) (citations and footnote omitted).

In this case, Attorney Wilder's **Anders** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history with citations to the record, he refers to portions of

the record that could arguably support Appellant's claim, and he sets forth his conclusion that the issue and Appellant's appeal are frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citation to the record and pertinent legal authority. Attorney Wilder also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief, and he attaches a letter directed to Appellant in which he informs him of the rights enumerated in ***Nischan***. Accordingly, counsel has sufficiently complied with the technical requirements for withdrawal. We will now independently review the record to determine if Appellant's issue is frivolous, and to ascertain if there are any other, non-frivolous issues Appellant could pursue on appeal.

Appellant's issue challenges the discretionary aspects of his sentence. Essentially, he argues that the term of incarceration imposed is unduly harsh and excessive. However, Appellant did not file a post-sentence motion raising this discretionary aspect of sentencing claim.[6] Consequently, this

---

[6] Attorney Wilder, who represented Appellant at his resentencing hearing, indicates that he

> fulfilled his obligation to consult before and after sentencing about post-sentence motions and an appeal with … Appellant pursuant to ***Commonwealth v. Rosado***, 150 A.3d 425, 430-31 (Pa. 2017), and received no instructions to file a motion for reconsideration. However, such instructions, postmarked June 19, 2017, were received by the undersigned on June 26, 2017, too late to file a motion for reconsideration of sentence. Since … Appellant also desired an appeal, that was timely lodged.

*(Footnote Continued Next Page)*

issue is waived. **See Commonwealth v. McAfee**, 849 A.2d 270, 275 (Pa. Super. 2004) ("Issues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings.").

Accordingly, we agree with Attorney Wilder that the issue Appellant seeks to assert on appeal is frivolous, and our independent review of the record does not reveal any other, non-frivolous issue(s) he could present on Appellant's behalf. Therefore, we grant counsel's petition to withdraw.

Judgment of sentence **affirmed**. Petition to withdraw **granted**.

Judge Panella joins this memorandum.

President Judge Emeritus Stevens concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/16/18

(Footnote Continued) ————————

**Anders** Brief at 6-7.